JiPER CURIAM.
We grant the application for supervisory writs filed by the defendant, Leisure Pursuits, Inc. (hereinafter referred to as “LPI”), to consider whether a local rule of a district court providing that the division which hears a suit for preliminary injunction is not the same division to which the suit has been randomly assigned in accordance with the Louisiana Code of Civil Procedure. For the following reasons, we reverse the judgment of the trial court and strike down that local rule.
LPI filed, on October 22, 1997, a “Verified Petition for Specific Performance, or, in the Alternative, Damages, for Injunctive Relief and Declaratory Judgment” in Civil District Court for the Parish of Orleans, alleging the breach of a valid purchase agreement for immovable property located in the French Quarter. LPI seeks to enjoin and prohibit respondents, Edward H. Seiler, Sr., Inc., which owns immovable property, individual shareholders of Seiler Ine., and 730 Bienville Partners, Inc. (hereinafter referred to as “Bienville”), from executing a purchase agreement for sale of the immovable property in question, or for the sale of the stock of Seiler, Inc.
RUpon filing, the case was randomly assigned to Division “I.” Pursuant to Local Rule 3, § 4(a), of the Rules of the Civil District Court for the Parish of Orleans, the motion for temporary restraining order was set for hearing before the duty judge. LPI’s motion for temporary restraining order was denied by the duty judge on December 5, 1997. On that date the duty judge also set the hearing on the preliminary injunction for December 16, 1997, noting in her order that the matter was “to be heard upon the verified pleadings and/or supporting affidavits.” On December 16, 1997, LPI excepted to the duty judge hearing the motion for preliminary injunction and also to proof at the hearing being limited to verified pleadings and supporting affidavits. LPI sought to present proof as in ordinary eases. The duty judge denied relief and LPI now seeks review of that adverse ruling.
Pursuant to Local Rule 3, § 1, the position of duty judge is rotated weekly. Local Rule 3, generally, provides that the duty judge hear all emergency matters such as protective orders, judicial commitments, extraordinary remedies such as petitions for habeas corpus, mandamus and qua warranto, and motions for temporary restraining orders and preliminary injunctions. Local Rule 3, § 4(e) provides:
The duty judge shall set all preliminary injunctions in the following week on any day except Thursday at 10:00 A.M., to be heard by that duty judge. The duty judge shall order the preliminary injunction to be heard on affidavits only.[1]
RLPI claims that Local Rule 3, § 4(c) conflicts with the Louisiana Code of Civil Procedure in two respects.[2] First, LPI argues that it conflicts with the mandate of La. C.C.P. art. 253.1 that eases be randomly assigned to a division of court. The article provides:
All pleadings filed shall be randomly assigned to a particular section or division of the court by either of the following methods:
(1) By either drawing indiscriminately from a pool containing designations of all sections or divisions of court in the particular jurisdiction in which the case is filed.
(2) By use of a properly programmed electronic device or computer programmed to randomly assign eases to anyone of the sections or divisions of court in the particular jurisdiction in which the case is filed.
*1388 (Emphasis added).
LPI also argues that the rule conflicts with recently enacted, by Act No. 968, eff. August 15, 1997, La. C.C.P. art. 253.2, which provides:
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561. However, the supreme court by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.
• LPI also cites the recent decision by the Louisiana Supreme Court in State v. Sprint Communications Co., L.P., 96-3094 (La.9/9/97), 699 So.2d 1058, wherein the court held that the 18th Judicial District Court’s system of transferring cases which previously had been randomly assigned to one division to another division of the same court on a non-random basis was improper and viola-tive of La. C.C.P. art. 253.1. In \4Sprint, unlike the instant case, the complete case was transferred from one section to another. The court stated in pertinent part:
Effective since August 15, 1995, this statute [C.C.P. art. 253.1] expresses the legislative mandate to end the practice of nonrandom assignment. The statute is clear and unambiguous. ... When clear and unambiguous, laws are to be interpreted and applied as written.
96-3094, p. 3-4, 699 So.2d at 1062.
The court also cited recently enacted La. C.C.P. art. 253.2, quoted infra, finding that the interdivisional transfer would be improper under the clear language of the new article. In concluding, the court stated:
A practice of case swapping among judges which permits non-random transfers after initial random allocation, encourages “judge shopping,” which we have declared a problem. See State v. Neisler, 633 So.2d 1224, 1232 (La.1994)....
96-3094, p. 6, 699 So.2d at 1063.
Respondents distinguish Sprint on its facts. However, we find the reasoning employed by the Supreme Court in Sprint is equally applicable to the facts and circumstances presented by the instant case. Moreover, the strong policy considerations cited in Sprint, in light of the legislative mandate of La. C.C.P. arts. 253.1 and 253.2, directly apply to this case. Respondents argue that, because the duty judges are rotated weekly, “unlike the situation in Sprint, the assignment of the injunction matters in this case was purely random.” We do not find this argument at all persuasive. Attached to the relator’s writ application is a “Duty Judge Schedule” for the 1997 calendar year. Counsel for a party seeking a preliminary injunction can simply gain access to the duty judge calendar, note which week his preferred judge will be sitting as duty judge, and file his application for preliminary injunction the week before. Pursuant to Local Rule 3, 15§ 4(c), that application will be assigned by the sitting duty judge to be heard by the following week’s duty judge, as listed on the duty judge schedule. Thus, Local Rule 3, § 4(e) allows a party to pick a judge to hear his request for preliminary injunction. Random assignment ensures that a party cannot predict which judge will hear and decide his case. Local Rule 3, § 4(c) allows what random assignment was designed to prevent — predictability and forum shopping. As the Supreme Court stated in Sprint, “random assignment procedures promote faiméss and impartiality and reduce the dangers of favoritism and bias.” 96-3094, p. 5, 699 So.2d at 1063.
Respondents also argue that Local Rule 3, § 4(c) is appropriate because La. C.C.P. art. 3602 requires that “[a]n application for preliminary injunction shall be assigned for hearing not less than two nor more than ten days after service of the notice.” The inference is that requiring the division to which a case has been randomly assigned to hear the request for preliminary injunction within two to ten days would upset the planned dockets of those divisions, whereas, allowing the duty judge sitting the following week to hear the matter would cause less tumult. We are mindful of the case management problems inherent in requiring a regular division of a district court, with a carefully planned docket, to expeditiously hear requests for preliminary injunctions in those cases randomly assigned to them. However, in Sprint, the *1389 Louisiana Supreme Court rejected “case management” concerns as outweighing the necessity of random assignment. 96-3094, p. 5, 699 So.2d at 1063.
Respondents make two other arguments which we need not consider. Those arguments are not directed to the issue before this court, which is, whether a request for a preliminary injunction may be heard by a division of a district court |6other than the one to which the case has been randomly assigned pursuant to the mandate of La. C.C.P. art. 253.1, except as otherwise provided by La. C.C.P. art. 253.2.
For the foregoing reasons, we now hold that no request for a preliminary injunction may be heard by a division of a district court other than the one to which the case has been randomly assigned pursuant to La. C.C.P. art. 253.1, except as otherwise provided by La. C.C.P. art. 258.2.
LPI next argues that Local Rule 3, § 4(c) conflicts with the Louisiana Code of Civil Procedure in that it expressly states that “[t]he duty judge shall order the preliminary injunction be heard on affidavits only.” La. C.C.P. art. 3609 provides, in pertinent part:
The court may hear an application for a preliminary injunction or for the dissolution or modification of a temporary restraining order or a preliminary injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases. If the application is to be heard upon affidavits, the court shall so order in writing, and a copy of the order shall be served upon the defendant at the time the notice of hearing is served.
Respondents are correct in their assertion that La. C.C.P. art. 3609 does not require that the trial court take proof as in ordinary cases. However, the wording of the article makes it clear that in the absence of a written order by the court that the matter will be heard on verified pleadings or supporting affidavits, which order must be served on the parties, proof will be as in ordinary cases.[3] Local Rule 3, § 4(c) directly conflicts with La. C.C.P. art. 3609 in that it expressly limits proof to affidavits only. We do not find it persuasive, as argued by respondents, that, |7upon motion by a party, a judge might allow proof as in ordinary cases. The rule clearly conflicts with the express wording of La. C.C.P. art. 3609.
For the reasons expressed above, we hold that no request for a preliminary injunction may be heard by a division of a district court other than the one to which the case has been randomly assigned pursuant to La. C.C.P. art. 253.1, except as otherwise provided by La. C.C.P. art. 253.2. We further hold that no local rule of court may limit proof at hearings on requests for preliminary injunctions other than as provided in La. C.C.P. art. 3609, such limitation of proof to be done on a case by case basis by the court hearing the preliminary injunction. We strike down Rule 3, § 4(c) of the Local Rules of Civil District Court in its entirety.
For the foregoing reasons, we grant the relator’s application for supervisory writs and reverse the judgment of the trial court in accordance with the views expressed above. We remand this case to the district for further proceedings consistent with this decision.

WRIT GRANTED-, REVERSED AND REMANDED.

. Logic dictates that Local Rule 3, § 4(c) be interpreted as providing that the duty judge sitting in any given week sets the application for preliminary injunction for hearing before the duty judge sitting the following week.

. LPI does not object to the duty judge hearing the request for a temporary restraining order, distinguishing it from a preliminary injunction.

. We recognize that the parties were given notice in writing, at the time the preliminary injunction was set for hearing, that the matter would be heard on verified pleadings and/or supporting affidavits, "all in conformity with La. C.C.P. art. 3609.” We also note that counsel for relator apparently did not object when the trial court orally advised he and other counsel that the matter would be heard on pleadings and affidavits.